UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARKLEY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. EDCV 06-1065 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.　SUMMARY

On October 4, 2006, plaintiff Frank Markley ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 6, 2006 Case Management Order, ¶ 5.

---

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") erroneously failed to address the lay witness evidence supplied by plaintiff's wife and friend.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4)   Does the claimant possess the residual functional capacity to

|     |     |                                                              |
| --- | --- | ------------------------------------------------------------ |
|     |     | perform his past relevant work?[2]  If so, the claimant is not disabled.  If not, proceed to step five. |
|     | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).

---

[2]Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 416.945(a). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Robbins v. Social Security, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Parra, 481 F.3d at 746; Robbins, 466 F.3d at 882.

### III. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On or about June 21, 2004, plaintiff applied for Supplemental Security Income benefits. (Administrative Record ("AR") 12). Plaintiff asserted that he became disabled beginning on July 9, 1989, due to bipolar disorder, paranoia, schizophrenia, hearing voices, severe depression, stress, withdrawal from society, hepatitis C, severe migraines, gastritis, back pain, and sleeping problems.[3] (AR 12, 65). On December 13, 2005, the ALJ initially held a hearing at which plaintiff

---

[3]Although the ALJ's decision reflects that plaintiff alleged that he became disabled on June 1, 2004, plaintiff's disability report reflects an alleged onset date of July 9, 1989. (AR 12, 65).

appeared (without counsel) but did not testify. (AR 311-16). On February 17, 2006, the ALJ held another hearing at which plaintiff (who was represented by counsel) and a vocational expert testified. (AR 317-40).

On May 3, 2006, the ALJ found, inter alia, that plaintiff was not disabled at any time through the date of the decision. (AR 12-20). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: major depression with psychosis and a history of polysubstance abuse, in remission per plaintiff's testimony (AR 19); (2) plaintiff's impairments or combination of impairments, did not meet or medically equal a listed impairment (AR 13, 19); (3) plaintiff had no past relevant work (AR 13, 17, 19); (4) plaintiff had no exertional limitations and retained the mental residual functional capacity to perform at least routine and repetitive, entry level, minimally stressful work, requiring no contact with the general public and only superficial interpersonal contact with coworkers and supervisors (AR 16, 17, 19); (5) plaintiff was capable of performing a significant number of jobs in the national economy including: cleaner, linen room attendant and park worker (AR 13, 19); and (6) plaintiff's allegations regarding his limitations were not totally credible. (AR 17, 19).

The Appeals Council denied plaintiff's application for review of the ALJ's decision. (AR 5-7).

## IV.   DISCUSSION

### A.   A Remand is Appropriate Because the ALJ Erroneously Failed to Address the Lay Evidence Supplied by Plaintiff's Wife and Friend and the Court Cannot Find Such Error Was Harmless

Plaintiff argues that the ALJ materially erred in failing to address lay evidence submitted by plaintiff's wife and friend. (Plaintiff's Motion at 5-7). Defendant essentially argues that (i) the Ninth Circuit has held that an ALJ need not address the statements of lay witnesses; (ii) any error in failing to address such evidence was harmless; and (iii) multiple reasons exist to reject such evidence.

(Defendant's Motion at 7-10). As the ALJ failed to address the lay evidence in issue, and as this Court cannot find such error to be harmless, a remand is appropriate.

### A. Standards Governing Consideration of Lay Evidence

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted);[4] Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, e.g., lay witnesses, as to how impairment affects claimant's ability to work).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses. However, the standards discussed in these authorities appear equally applicable to written statements. Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by

---

[4] Although defendant relies upon Vincent v. Heckler, 739 F.2d 1393 (9th Cir. 1984) for the proposition that an ALJ need not address lay witness evidence, the Ninth Circuit in Nguyen, explained that Vincent does not stand for the proposition that an ALJ may disregard, without stating the reasons therefor, lay witness testimony as to a claimant's symptoms or how an impairment affects the claimant's ability work. 100 F.3d at 1467. As the Nguyen court notes, in Vincent lay witnesses were making medical diagnoses, e.g., that the claimant had a serious medical impairment as a result of a stroke. Id. Such medical diagnoses by lay witnesses (as opposed to observations of symptoms and impairments) do not constitute competent evidence and thus could properly be disregarded without comment. Id.

claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### B.    Pertinent Facts

On February 17, 2006, plaintiff testified regarding his symptoms and limitations. (AR 317-38). He stated, inter alia, that he: (i) hears voices (AR 326, 329, 333-35); (ii) has mood swings (AR 326); (iii) is fatigued (AR 326-28); (iv) has trouble concentrating (AR 335); (v) has memory difficulties (AR 335); (vi) is depressed (AR 336-37); (vii) feels suicidal (AR 333-34); (viii) has difficulty sleeping (AR 331-33); and (ix) suffers from headaches and lower back pain. (AR 328-29).

On October 19, 2004, plaintiff's wife, Peggy Stafford, completed a daily activities questionnaire, which reflects her observations regarding plaintiff's alleged impairments and their asserted impact on plaintiff's daily activities. (AR 99-107). Plaintiff's wife reported, inter alia, that plaintiff: (i) has difficulty sleeping (AR 100); (ii) must be reminded to bathe, shave, eat and wear clean clothes (AR 100, 101); (iii) must be reminded to take his medication (AR 100, 101); (iv) lacks motivation and interest in social activities and does not associate with others (AR 104); (v) cannot lift much weight (AR 104); (vi) has difficulty standing and walking (AR 104); (vii) has difficulty concentrating, paying attention and following instructions (AR 104); (viii) cannot handle stress or change in routine (AR 105); and (ix) is distant, unmotivated, sad, depressed, feels worthless and has low self esteem. (AR 105).

On July 6, 2004, plaintiff's friend, Timothy Farmer, also completed a daily activities questionnaire, which reflects his observations regarding plaintiff's alleged impairments and their asserted impact on plaintiff's daily activities. (AR 74-82). Plaintiff's friend reported, inter alia, that plaintiff: (i) has difficulty sleeping (AR 75); (ii) has difficulty lifting due to back pain (AR 79); (iii) has difficulty concentrating (AR 79); (iv) does not handle stress very well (AR 80); (v) believes that someone is out to get him (AR 80); and (vi) is sad and withdrawn (AR 81).

The ALJ did not expressly address the statements of plaintiff's wife and friend.

**C.    Analysis**

As the above-referenced legal authorities suggest, the statements of plaintiff's wife and friend constitute competent lay evidence that the ALJ had to take into account unless he expressly determined to disregard it and gave reasons therefor. Here, the ALJ failed to address such lay evidence and thus committed error.

The Court must consider, however, whether such error was harmless. The aforementioned statements of plaintiff's wife and friend are consistent with plaintiff's testimony regarding his symptoms and limitations. If fully credited, plaintiff's wife and friend's statements substantially corroborate plaintiff's description of his symptoms and limitations. Thus, the Court cannot conclude that no reasonable ALJ, fully crediting the statements of plaintiff's wife and friend could have reached a different disability determination regarding plaintiff.

Accordingly, this Court cannot deem the ALJ's failure to address the lay witness statement supplied by plaintiff's wife and friend harmless.[5]

---

[5] Although defendant now suggests reasons to discount the statements of plaintiff's wife and friend, the ALJ's decision does not reflect that it was predicated on such reasons. As the ALJ is required to provide specific reasons for rejecting lay testimony, the Court cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision. Stout, 454 F.3d at 1054 (citations omitted).

## V.  CONCLUSION[6]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum Opinion and Order of Remand.[7]

LET JUDGMENT BE ENTERED ACCORDINGLY.[8]

DATED:  October 10, 2007

                                                /s/

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff also argues, and defendant disputes, that the ALJ failed properly to assess: (i) the medical opinions of plaintiff's treating physician; and (ii) plaintiff's credibility.  The Court need not, and has not adjudicated these challenge to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[7] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

[8] Plaintiff's request for costs and reasonable attorneys' fees under the Equal Access to Justice Act is denied without prejudice to resubmission of an application, accompanied by supporting documents, seeking such fees and expenses in accordance with 28 U.S.C. § 2412(d).